UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE EADS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-00742- JAR |
| | ) | |
| DYLAN T. PORTELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Janice Eads' Motion to Remand for Lack of Jurisdiction [ECF No. 12] and Plaintiff Beverly Hatridge's Motion to Remand [ECF No. 14]. Defendant Dylan Portell takes no position with respect to Plaintiffs' motions to remand [ECF No. 15]. Defendant GEICO Casualty Company opposes Plaintiffs' motions [ECF No. 16]. For the following reasons, the motions to remand will be granted.

**Background**

On June 25, 2011, Claude J. Eads, Jr. ("Decedent") was killed in a motor vehicle accident in Washington County, Missouri. On July 11, 2011, his father, Claude J. Eads, filed a wrongful death action in the Circuit Court of Washington County, Missouri, against Dylan T. Portell, the driver of the car Decedent was riding in at the time of his death. At the time of the accident, Portell, a resident and citizen of Missouri, was insured by USAA. Mr. Eads died shortly after his action was filed, and on January 3, 2012, his surviving spouse and personal representative of his estate, Janice Eads, was substituted as a party plaintiff. On February 24, 2012, Decedent's mother, Beverly Hatridge, joined the action. Ms. Hatridge was the named insured on a GEICO automobile liability policy of insurance at the time of the accident. Plaintiffs subsequently

amended their Petition for Wrongful Death, naming GEICO as a defendant and seeking to recover uninsured motorist (UIM) coverage under Ms. Hatridge's policy. Plaintiffs alleged they had settled with Portell for his USAA policy limits, a prerequisite to seeking UIM coverage under the GEICO policy. On April 2, 2012, Plaintiffs filed their Second Amended Petition for Wrongful Death, adding a count against GEICO for vexatious refusal to pay, and again alleging they had settled with Portell for his USAA policy limits.

GEICO removed the action to this Court on April 26, 2012. In its Notice of Removal, GEICO asserts that complete diversity of citizenship exists between Plaintiffs and GEICO because Portell settled with Plaintiffs and will no longer be a party to this action. Plaintiffs filed their respective motions for remand, requesting the Court remand this case back to state court because their settlement with Portell has not been finalized and his continued presence in the action defeats complete diversity.[1]

**Discussion**

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Madderra v. Merck Sharpe & Dohme Corp., 2012 WL 601012, at *1 (E.D.Mo. Feb. 23, 2012) (quoting Manning v. Wal–Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo.2004)). The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. Id. (citing Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir.2009)). See also Nicely v. Wyeth, Inc., 2011 WL

---

[1]Portell advises the Court that his insurer has in fact offered a settlement to Plaintiffs for the policy limits of the applicable insurance; however, there has not been a hearing to approve the settlement and the settlement has not been reduced to writing. (Doc. No. 15).

2

2462060 at *2 (E.D.Mo. Jun. 17, 2011). In order for there to be federal diversity jurisdiction, there must be complete diversity between the parties. This is tested at the time of filing of the removal notice. Atkison v. Steak' N Shake of Hampton, Inc., 2006 WL 208601, at *3 (E.D. Mo. Jan. 25, 2006). Because a settlement has not yet been finalized, Portell, a resident and citizen of Missouri, is still a party to this case, thereby depriving this Court of diversity jurisdiction.

**Conclusion**

Because complete diversity was not present when the notice of removal was filed, the motions to remand will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Janice Eads' Motion to Remand for Lack of Jurisdiction [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Beverly Hatridge's Motion to Remand [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of Washington County, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 18th day of September, 2012.

                                                      _____
                                                      JOHN A. ROSS
                                                      UNITED STATES DISTRICT JUDGE